CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY - 2 2014

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Action No. 4:10-cr-00014-3 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JOHN ERIC TATE,** | ) | By:  Hon. Jackson L. Kiser |
|     Petitioner. | ) | Senior United States District Judge |

John Eric Tate, a federal inmate proceeding pro se, filed an untimely motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, alleging that counsel rendered ineffective assistance and arguing that equitable tolling should apply. The United States filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss and dismiss the § 2255 motion as untimely filed.

**I.**

Pursuant to a written plea agreement, Petitioner pleaded guilty to conspiring to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846, and I sentenced Petitioner on February 9, 2012, to 132 months' incarceration.[1] Petitioner did not appeal and signed the § 2255 motion on November 3, 2013, after the applicable one-year limitations period expired.

Although Petitioner admits that his § 2255 motion is untimely filed, Petitioner alleges the following facts in support of equitable tolling. In December 2012, Petitioner prepared a timely, pro se § 2255 motion while at a federal prison in Kentucky. Other inmates discovered Petitioner's legal work, which mentioned how he rendered substantial assistance to police and has a state-court conviction for "misconduct with a minor," and Petitioner's "legal remedies were abruptly put on

---

[1] Petitioner's guideline sentence range was between 188 to 235 months' incarceration, but I departed from that range pursuant to the United States' motion for substantial assistance.

hold due to direct threats to his life."[2] After an inmate confronted Petitioner in June 2013 about the substantial assistance and sex offense, prison officials moved Petitioner into protective custody on June 19, 2013, and, by late June 2013, to a "sex offender and snitch" yard, where he allegedly resumed working on his § 2255 motion.

## II.

The one-year limitation period for a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000); see 28 U.S.C. § 2255(f) (describing the one-year limitations period). For a court to equitably toll the limitations period, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Equitable tolling is appropriate in those "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris, 209 F.3d at 330).

I find that Petitioner fails to satisfy the requirements for equitable tolling. First, Petitioner does not explain the ten-month delay to prepare the § 2255 motion between when I sentenced him and when the inmates allegedly first threatened him, and second, Petitioner does not explain the four and a half month delay between when he arrived at a safe "sex offender and snitch" yard and when he signed the § 2255 motion.

---

[2] The minor is now an adult and is Petitioner's wife.

Third, the sole claim in the § 2255 motion is not based on facts hidden from Petitioner or a cryptic reading of law. Petitioner alleges simply that counsel was ineffective during the sentencing hearing by not comparing Petitioner's possible sentences with his co-conspirators' sentences and by not discussing Petitioner's allegedly small role in the conspiracy.[3] The factual bases of these allegations would have been apparent during the sentencing hearing. Furthermore, Petitioner stated under oath during the plea hearing that, based on the waiver provision in the plea agreement, he understood how to collaterally attack the conviction with a claim of ineffective assistance of counsel.

Fourth, Petitioner fails to describe any step he took toward reasonable diligence to remove himself from the circumstances at the federal prison in Kentucky. He does not describe how he alerted prison officials of the threat or took any affirmative act to preserve his right under 28 U.S.C. § 2255. Accordingly, no gross injustice results from enforcing the limitations period.

### III.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss Petitioner's motion to vacate, set aside, or correct sentence as untimely filed. Based upon my finding that the Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 2nd day of May, 2014.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[3] I note that the record belies Petitioner's allegations. During the sentencing hearing, counsel acknowledged Petitioner's "short-lived" involvement in the conspiracy and compared Petitioner's sentencing exposure to the co-conspirators. However, Petitioner's exceptional number of criminal history points increased his sentencing guideline range.